# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

O:\Sandra G\PARKER - 14C0733 IPF Order -grant.docx

**JAMES PARKER,**

    Plaintiff,

    v.                                                    Case No. 14-C-0733

**GENESIS BEHAVIORAL SERVICES, INC.,**

    Defendant.

## DECISION AND ORDER

The Plaintiff, James Parker ("Parker"), filed a Complaint against the Defendant, Genesis Behavioral Services Inc. ("Genesis"), his former employer, alleging violations of 42 U.S.C. § 2000(e) *et seq.* ("Title VII") due to discrimination based on his race (white) and retaliation. (ECF No. 1.) Parker also filed a petition and affidavit for leave to proceed *in forma pauperis* ("IFP") in this action. (ECF No. 2.)

In order to authorize a litigant to proceed IFP, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and, second, whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, seeks monetary relief against a defendant who is immune from such relief, or if the allegation of poverty is untrue. 28 U.S.C. §§ 1915 (a)(1) & (e)(2).

Parker avers that he is married, neither he nor his spouse is employed, and he has four legal dependents. He and his spouse receive a total of $1,143 in public

assistance and $2,300 in rent from their house.[1] (They rent out their house and reside with Parker's mother-in-law). He and his spouse own a 2010 Ford Expedition worth $15,000, with a loan of $16,0000; and a 2006 Dodge Ram worth $1,000. Their residence is worth $108,400, and has mortgage of $92,000. However, Parker and his spouse do not own any stocks, bonds, notes, or other valuable property (excluding clothing and ordinary household items). They have $42 in cash or in some type of account.

According to Parker's affidavit, his total monthly income is $3,443. The family of six has monthly expenses totaling $3,135, which includes expenditures of $380 for groceries, $175 for utilities, $40 for telephone, $170 for cell phone, $80 for cable or satellite television, $40 for internet services, $100 for home maintenance, $100 for clothing, $400 for gasoline, $421 for the car payment, $110 for car insurance, and $1,119 for mortgage. Parker's total monthly income exceeds his expenses by $308.

While it is a close question, based on the information provided, the Court concludes that Parker has satisfied the requirements of 28 U.S.C. § 1915(a) by demonstrating that he is unable to pay the entire $350 filing fee for this action. Furthermore, Parker's Complaint states an arguable claim for relief that does not

---

[1] Parker also indicates that he received $1,050 each month in unemployment compensation and those payments ended in December 2013. Since he does not currently receive those payments, the amount has been subtracted from his income.

appear to be frivolous or malicious.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Parker's petition for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

The United States Marshal is directed to serve a copy of the Complaint and this order upon the Defendant pursuant to Federal Rule of Civil Procedure 4. Parker is advised that Congress requires the United States Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the United States Marshals Service precisely because IFP plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2014.

**BY THE COURT:**

*[signature]*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**